Kara Adelle Ritter Cole, Bar No. 306515
kcole@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302

Carolyn Theis, Colorado Bar No.: 54993
[*Pro Hac Vice* Pending]
catheis@littler.com
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, Colorado 8020.5835
Telephone: 303.629.6200
Fax No.: 303.629.0200

Attorneys for Defendant
FRONTIER AIRLINES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA GARZA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, INC., an unknown business entity; ALEXANDER KENT CLARK, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. **'24CV1702 WQHMMP**<br><br>*[Removed from San Diego Superior Court Case No. 24CU006213C]*<br><br>**DEFENDANT FRONTIER AIRLINES, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**<br><br>**[28 U.S.C. §§ 1332, 1441 & 1446]**<br><br>Trial Date: Not Yet Set<br>Complaint Filed: August 13, 2024 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF JESSICA GARZA AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant FRONTIER AIRLINES, INC. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1441 and 1446.

This Notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1332 based upon complete diversity of citizenship.

Defendants make these allegations in support of removal:

## I. PLEADINGS, PROCESS, AND ORDERS

1. On September 13, 2024, Plaintiff JESSICA GARZA ("Plaintiff") filed a Complaint against Defendants FRONTIER AIRLINES, INC. ("Frontier") and ALEXANDER KENT CLARK ("Clark") (collectively "Defendants") in the California Superior Court for the County of San Diego entitled *JESSICA GARZA, an individual, v. FRONTIER AIRLINES, INC., et al.,* Case No. 24CU006213C (the "State Court Action"). (Declaration of Kara Cole in Support of Notice of Removal to Federal Court ("Cole Decl."), ¶ 2, **Ex. A**.)

2. On August 23, 2024, Frontier was personally served with the Summons and Complaint, and supporting documents. (Cole Decl., ¶ 3, **Exs. A-B**.)

3. Clark has not been served with the Summons and Complaint. (Cole Decl., ¶ 4.)

4. As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders served on Defendants in the State Court Action are attached to the Declaration of Kara Cole as **Exhibits A** through **C**. (Cole Decl., ¶¶ 2-3, 5-6, **Exs. A-C**.)

## II. REMOVAL IS TIMELY.

5. This Notice of Removal is timely. Under 28 U.S.C. section 1446(b), removal may be filed within 30 days of the date of service of process on Frontier. 28

U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

6. Plaintiff served the Summons and Complaint on Frontier's agent for service of process, on August 23, 2024, and Clark has not been served with process. (Cole Decl., ¶¶ 3-4.) The 30-day deadline to file a Notice of Removal in this case therefore falls on September 23, 2024. Fed. R. Civ. P. 6.

7. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as it is being filed within thirty days of service of the Complaint on Frontier and within one year after commencement of this action. (*See* Cole Decl., ¶¶ 2-4.)

### III. VENUE.

8. Plaintiff originally brought this action in the Superior Court of the State of California, County of San Diego – Central District. Venue therefore properly lies in the Southern District of California, pursuant to 28 U.S.C. §§ 84(c)(1), 1391, 1441(a), and 1446(a).

### IV. DIVERSITY JURISDICTION.

9. This is a civil action over which this Court has original jurisdiction because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

**A. Complete Diversity Exists Between the Parties.**

**1. Plaintiff Is A Citizen Of California.**

10. For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at time lawsuit is filed). Residency, as pleaded in a state court complaint, can create a rebuttable presumption of domicile supporting diversity of citizenship. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *State Farm Mut. Auto. Ins. Co. v. Dyer*,

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT FRONTIER'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION   3.

19 F.3d 415, 519–20 (10th Cir. 1994) (allegation by party in a state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Overholt v. Airista Flow, Inc.*, No. 17-CV-1337-MMA (AGS), 2018 WL 355231, at *4 (S.D. Cal. Jan. 10, 2018).

11. Here, at the time Plaintiff commenced this action and, upon information and belief, at the time of removal, Plaintiff resided in, was and is domiciled in the State of California, County of San Diego. *See* Ex. A to Cole Decl., Pl. Compl., ¶ 1 ("Plaintiff, JESSICA GARZA [] is a natural person who is, and at all relevant times was, a resident of the United States and domiciliary of the State of California, County of San Diego.").

### 2. Clark Is A Citizen of Arizona, and Not California.

12. Although the citizenship of unserved parties may be disregarded for removal purposes, the Complaint alleges that throughout the relevant time period, and at the time Plaintiff commenced this action, Clark resided in, was and is domiciled in Maricopa County, Arizona. *See* Ex. A to Cole Decl., Pl. Compl., ¶ 1 ("ALEXANDER KENT CLARK [] is a natural person who is, and at all relevant times mentioned was, a resident of the United States and a domiciliary of the State of Arizona, County of Maricopa."). Therefore, Clark is a citizen of Arizona (and not California).

### 3. Frontier Is A Citizen Of Colorado, and Not California.

13. For diversity purposes, a corporation is a citizen of the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business means the place where the cardinal activities take place, such as high-level planning, directing, and coordinating corporate strategy and daily activities. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

14. Frontier is incorporated under the laws of the State of Colorado and has its principal place of business in Denver, Colorado. (Declaration of Marcia Attea ("Attea Decl."), ¶¶ 2-3.) Frontier's headquarters is located in Denver, Colorado, its executive leadership team works primarily in Denver, Colorado, and that is the primary location

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT FRONTIER'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION                4.

from where high-level operational strategic decisions are made. *Id.* Frontier's primary nerve center is in Denver, Colorado. *See id.* Accordingly, Frontier is a citizen of Colorado (and not California) for purposes of diversity jurisdiction. 28 U.S.C. § 1332; *Hertz Corp.*, 559 U.S. at 92–93.

15. For purposes of removal, the citizenship of defendants sued under fictitious names should be disregarded. 28 U.S.C. § 1441(a).

16. Defendants Does 1 through 25 are fictitious. The Complaint does not state the identity or status of these fictitious defendants, nor does it state any specific allegation of wrongdoing against any fictitious defendants. Pursuant to § 1441(a), the citizenship of these fictitious defendants cannot destroy the diversity of citizenship between the parties and should be disregarded. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

### 4. Complete Diversity Is Satisfied.

17. Because Plaintiff is a citizen of the State of California whereas Defendants are not citizens of California, but rather, Clark is a citizen of Arizona and Frontier is a citizen of Colorado, complete diversity exists (Attea Decl., ¶¶ 2-3).

### B. The Amount in Controversy Exceeds $75,000.

18. Removing defendants only need to establish by a preponderance of the evidence that the plaintiff's claimed damages exceed the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

19. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment, but does not demand a specific sum, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2). A removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

20. For purposes of determining whether the amount in controversy has been satisfied, the Court must presume the plaintiff will prevail on their claims. *See Kenneth*

*Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating the amount in controversy analysis presumes that "plaintiff prevails on liability.")). The ultimate inquiry is the amount that is put "in controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (citing *Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 397-99 (2d Cir. 2003) (recognizing the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the complaint)). "The amount in controversy for jurisdictional purposes is determined by the amount of damages [] that is subject of the action." "In determining the amount in controversy, a court may consider compensatory and punitive damages, as well as attorneys' fees, but may not consider interest and costs of suit." *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005).

21. Although Frontier adamantly denies Plaintiff's claims have merit or that she is entitled to any relief whatsoever, were she to prevail on the claims asserted in the Complaint she would be entitled and is anticipated to seek recovery of an amount far exceeding the jurisdictional threshold of $75,000, exclusive of interest and costs. Specifically, were Plaintiff to prevail on every claim asserted, the amount in controversy constitutes not less than the following:

(1) Approximately **$100,117.333** (16 months) in back wages, measured from the effective date of Plaintiff's separation (May 16, 2024) through an anticipated trial date no sooner than September 2025;

(2) Approximately **$75,088** or a conservative twelve months' continued wage loss post-trial that Plaintiff is anticipated to seek for future claimed wage loss;

(3) Emotional distress damages;

(4) Punitive damages; and

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT FRONTIER'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

6.

(5) Reasonable attorneys' fees and costs, available by statute.[1]

### 1. Special Damages—Past Lost Earnings

22.  Plaintiff seeks to recover special damages, including back pay, front pay and other monetary relief. *See* Ex. A to Cole Decl., Pl. Compl., Prayer at ¶¶ 1-2, 4. More specifically, Plaintiff's Complaint seeks to recover special damages resulting from Defendants' alleged conduct characterized as her sustaining and *continuing to* sustain "*substantial* losses in earnings, employment benefits, [and] employment opportunities[.]" *Id.* at ¶¶ 53, 61, 71, 78.

23.  If Plaintiff prevails on her statutory claims, she may recover the amount she would have earned up through the date of trial, including any benefits or pay increases. *See* Judicial Council of California, Civil Jury Instruction ("CACI") 3903P (2020); *Wise v. S. Pac. Co.*, 1 Cal. 3d 600, 607 (1970).

24.  During her employment, Plaintiff worked full time, earning $36.10 per hour. (Attea Decl., ¶ 5.) Thus, between the end of Plaintiff's employment effective May 16, 2024, and an anticipated trial date in this matter no sooner than mid-September 2025, Plaintiff's alleged past lost wages through trial are estimated at not less than **$100,117.33** ([$36.10/hr * 40 hours/week * 52 weeks/yr ÷ 12 months] * 16 months).

### 2. Special Damages—Future Lost Earnings/Earning Capacity.

*25.*  In addition to past wage loss, if Plaintiff prevails on her statutory claims, she may recover "the present cash value of any future wages and benefits that she would have earned for the length of time the employment was reasonably certain to continue." *See* CACI 3903P. In determining the amount of time the employment was reasonably certain to continue, the court considers the plaintiff's age, work performance, intent, defendant's prospects for continued operations, and any other factor that bears on how long the plaintiff would have continued to work for defendant. *Id.*

/ / /

---

[1] In light of the amount in controversy already alleged, Frontier does not numerically derive punitive damages or attorneys' fees and costs for the purposes of this removal.

26. Previous awards of front wages in California have spanned several years. *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabaga-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97-99 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). The guiding principle is the time the Plaintiff was reasonably certain to have continued employment with Defendant. CACI 3903P. Front pay is a temporary and transitional remedy measured by the employee's protected earnings until they are likely to be reemployed. *Contract Damages*, Cal. Prac. Guide Employment Litigation Ch. 17-B. "The U.S. Supreme Court has cited with apparent approval lower court cases upholding front pay awards 'equal to the estimated present value of lost earnings that are reasonably likely to occur between the date of the judgment and the time when the employee can assume his new position.'" *Id.* (quoting *Pollard v. E.I. du Pont de Nours & Co.*, 532 U.S. 843, 850 (2001)).

27. Here, Plaintiff was a full-time employee. Conservatively estimating Plaintiff would only have remained employed for at least one-year post-trial, the front pay calculation adds an additional **$75,088** ($36.10/hr * 40 hours/week * 52 weeks/yr) to the amount in controversy.

### 3. Emotional Distress Damages

28. Plaintiff also seeks to recover for "emotional distress." *See* Ex. A to Cole Decl., Pl. Compl., Prayer at ¶ 3. More specifically, Plaintiff's Complaint seeks to recover emotional distress damages resulting from Defendants' alleged conduct characterized as her suffering and *continuing to* suffer "humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish[.]" *Id.* at ¶¶ 54, 62, 72, 79, 87. To wit, Plaintiff alleges to have suffered such a degree of emotional distress purportedly to sustain a claim for intentional infliction of emotional distress, requiring a showing of *extreme* emotional distress. *Id.* at ¶¶ 99-102.

29. Emotional distress damages are a part of the amount in controversy calculation. *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT FRONTIER'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION     8.

Cal. 2012); *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . the plaintiff suffered heightened mental anguish"). An award of damages for emotional distress can be anticipated to reasonably exceed the jurisdictional minimum. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (C.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial").

30. In *Kroske*, the Ninth Circuit found the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." 432 F.3d at 980. Based on *Kroske*, and assuming prompt mitigation of wage loss damages by Plaintiff, an additional $25,000 amount in controversy figure would be a minimal assessment here in light of Plaintiff's allegations. But as the amount in controversy is already well above $75,000, Frontier does not further derive a more precise figure for emotional distress damages for the purposes of this removal. If the amount in controversy is challenged, Frontier will provide a more precise figure.

### 4. Punitive Damages

31. Plaintiff also seeks punitive damages. *See* Ex. A to Cole Decl., Pl. Compl., Prayer at ¶ 5. More specifically, Plaintiff's Complaint seeks to recover punitive damages "sufficient to punish and deter future similar [alleged] reprehensible conduct[.]" *Id.* at ¶¶ 55, 63, 73, 93, 98.

32. California provides for punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT FRONTIER'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION    9.

Cal. Civ. Code § 3294(a). Punitive damages may be included in calculating the amount in controversy. See *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). A single-digit ratio (i.e., no more than nine-to-one) of compensatory to punitive damages is more likely to comport with due process. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

33. Here, Plaintiff contends she suffered from alleged severe and pervasive sexual harassment during her employment, about which she purportedly complained before being retaliated against and eventually terminated. *See* Ex. A to Cole Decl., Pl. Compl., ¶ 19-42. Plaintiff alleges Frontier engaged in "blatant and vehement discrimination, retaliation and harassment" intended to cause her damage. *Id.* at ¶ 43.

34. Jury verdicts in similar California cases involving punitive damages awards show a potential amount in controversy well above $75,000. For instance, in *Bralock v. Am. Univ. of Health Sciences Inc., et al.*, Los Angeles Super. Court Case No., BC614955 (Sept. 30, 2021) 2021 Jury Verdicts LEXIS 8239, plaintiffs alleged retaliation after reporting sexual harassment and participating in an investigation of harassment and the promotion of an overly sexual atmosphere in the workplace. Returning a finding on the retaliation and wrongful termination claims, the jury returned a verdict for plaintiffs and awarded each of them $500,000 in punitive damages.

35. Although Frontier disputes any alleged harassment or retaliation took place here or that Plaintiff may recover any amount in punitive damages, for purposes of establishing an amount in controversy for this removal, the foregoing illustrates a punitive damages award alone could exceed $500,000, or more.

### 5. Attorneys' Fees

36. Plaintiff also seeks to recover attorneys' fees. *See* Ex. A to Cole Decl., Pl. Compl., ¶¶ 56, 64, 74, 80 and Prayer at ¶ 6. Attorneys' fees potentially recoverable by statute also are included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

37. Plaintiff's Complaint alleges violations of California's anti-retaliation

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT FRONTIER'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION     10.

statutes and the FEHA, which authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov. Code §12965(b). Such fees cannot yet be calculated precisely, but in some single-plaintiff cases fees have exceeded compensatory damage awards. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

38. An estimate of attorney's fees for this purpose includes all reasonably anticipated fees over the life of the case. *Id.* Estimated hours expended through trial for employment cases in the Southern District of California may range from 100 to upwards of 300 hours. Thus, fees in an employment case may reasonably be expected to equal *at least* $30,000 (100 hours x $300 per hour), if not more. *See Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (Birotte, J.) (citations omitted). Upon information and belief, Frontier anticipate opposing counsel will request substantially higher fees through trial, if Plaintiff prevails. If the amount in controversy is challenged, Frontier will provide more specificity.

39. Based on the foregoing, although Frontier denies Plaintiff has been damaged at all in connection with the allegations in the Complaint, Frontier plausibly alleges an amount in controversy over $75,000 and a preponderance of the evidence demonstrates the amount in controversy exceeds the $75,000 jurisdictional requirement, exclusive of interest and costs, in this case.

V. **NOTICE TO PLAINTIFF AND SUPERIOR COURT.**

40. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, as required by 28 U.S.C. § 1446(d), Frontier will promptly provide written notice of this Notice of Removal to Josh D. Gruenberg, Pamela Vallero, and Samuel Rothstein of Gruenberg Law, counsel for Plaintiff, and will also promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego.

/ / /

/ / /

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT FRONTIER'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION   11.

## VI. CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Frontier hereby remove this action from the Superior Court of the State of California, County of San Diego, to this Court, and requests this Court assume full jurisdiction over this matter as provided by law.

Dated: September 23, 2024

/s/ *Kara A. Cole*
Kara Adelle Ritter Cole
LITTLER MENDELSON, P.C.
Attorney for Defendant
FRONTIER AIRLINES, INC.

4873-9816-5477.1 / 057446-1097

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT FRONTIER'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION    12.