Kara Adelle Ritter Cole, Bar No. 306515
kcole@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302

Carolyn Theis, Colorado Bar No.: 54993
[*Pro Hac Vice* Pending]
catheis@littler.com
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, Colorado 8020.5835
Telephone: 303.629.6200
Fax No.: 303.629.0200

Attorneys for Defendant
FRONTIER AIRLINES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JESSICA GARZA,

Plaintiff,

v.

FRONTIER AIRLINES, INC., a Delaware Corporation; ALEXANDER KENT CLARK, an individual, and Does 1-25, inclusive,

Defendant.

Case No. 3:24-cv-01702-WQH-MMP

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FRONTIER AIRLINES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Date: November 4, 2024
*NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT*
Judge: Hon. William Q. Hayes

Complaint filed: August 13, 2024

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101
619.232.0441

MPA ISO DEF FRONTIER AIRLINES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Case No.: 3:24-cv-01702-WQH-MM

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ..................... 1

II. RELEVANT PROCEDURAL HISTORY ..................... 1

III. STATEMENT OF RELAVANT FACTS..................... 2

IV. ARGUMENT..................... 5

A. Applicable Standards for Dismissal or, Alternatively, Summary Judgment. ..................... 5

B. California Law Does Not Apply Extraterritorially. ..................... 8

C. Any "Denial of Due Process" Claims Stemming from Frontier's Investigation Flow from Interpretations of Frontier's Collective Bargaining Agreement for Flight Attendants and Therefore Constitute a "Minor Dispute" Falling Outside Courts' Jurisdiction Under the Railway Labor Act. ..................... 11

V. CONCLUSION..................... 14

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Air Line Pilots Ass'n, Int'l v. Eastern Air Lines, Inc.*, 869 F.2d 1518 (D.C. Cir. 1989) .......... 12

*Anderson v. CRST Int'l, Inc.*, 2015 U.S. Dist. LEXIS 45161 (C.D. Cal. April 1, 2015) .......... 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 6, 7

*Ass'n of Flight Attendants v. Mesa Air Grp., Inc.*, 567 F.3d 1043 (9th Cir. 2009) .......... 12

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1988) .......... 6

*Beckman v. American Airlines, Inc.*, 2024 U.S. Dist. LEXIS 129607, 2024 WL 3469049 (C.D. Cal. June 28, 2024) .......... 10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 6

*Blakely v. US Airways, Inc.*, 23 F. Supp. 2d 560 (3d Cir. 1998) .......... 12

*Bloemer v. Northwest Airlines, Inc.*, 401 F.3d 935 (8th Cir. 2005) .......... 13

*Caravello v. American Airlines, Inc.*, 315 F. Supp.2d 1346 (S.D. Fla. 2004) .......... 13

*Carlson v. CSX Transp.*, 2013 U.S. Dist. LEXIS 55989 (S.D. Ind. March 5, 2013) .......... 13

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .......... 8

*Consolidated Rail Corp. v. Railway Labor Executives Association*, 491 U.S. 299 (1989) .......... 12

*Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181 (4th Cir. 2002) .......... 11

*Dotson v. Norfolk S. Ry.*, 52 Fed. Appx. 655 (6th Cir. 2002) .......... 13

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101
619.232.0441

ii

MPA ISO DEF FRONTIER AIRLINES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Case No.: 3:24-cv-01702-WQH-MM

*Edgar v. MITE Corp.*, 457 U.S. 624 (1982) .......... 9

*Elzetawy v. Penrix Group, Inc.*, 477 F.Supp.3d 734 (N.D. Ill. 2020) .......... 9

*Emswiler v. CSX Transp.*, 691 F.3d 782 (6th Cir. 2012) .......... 13

*English v. General Dynamics Mission Systems*, 2019 U.S. Dist. LEXIS 79025 (C.D. Cal. May 8, 2019), *aff'd* 808 Fed. Appx. 529 (9th Cir. 2020) .......... 8, 9

*Globespan, Inc. v. O'Neill*, 151 F.Supp.2d 1229 (C.D. Cal. 2001) .......... 6

*Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994) .......... 12

*International Ass'n of Machinists & Aerospace Workers v. Soo Line R.R.*, 850 F.2d 368 (8th Cir. 1988) .......... 13

*International Brotherhood of Teamsters/HERE Employee Representatives' Council v. Gate Gourmet, Inc.*, 377 F.Supp.2d 54 (D.D.C. 2005) .......... 13

*Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580 (9th Cir. 2008) .......... 6

*Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2007) .......... 11

*Miller v. Southwest Airlines, Co.*, 926 F.3d 898 (7th Cir. 2019) .......... 13

*Moss v. U.S. Secret Service*, 572 F. 3d 962 (9th Cir. 2009) .......... 7

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) .......... 5

*Pittsburgh & Lake Erie R.R. v. Railway Labor Executives Association*, 491 U.S. 490 (1989) .......... 12, 13

*Pyles v. United Air Lines, Inc.*, 79 F.3d 1046 (11th Cir. 1996) .......... 13

*Railway Labor Executives Ass'n v. Chesapeake Western Ry.*, 915 F.2d 112 (4th Cir. 1990) .......... 12

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

*Ross v. Sodexo Remote Sites USA, Inc.*,
2016 U.S. Dist. LEXIS 192892 (C.D. Cal. Dec. 6, 2016) .......... 10

*Russo v. APL Marine Services, Ltd.*,
135 F.Supp.3d 1089 (C.D. Cal. 2015) .......... 10

*Sadiqyar v. Mission Essential, LLC*,
2020 WL 5210850 (S.D. Ohio Sept. 1, 2020).......... 9

*Sexton v. Spirit Airlines, Inc.*,
2023 U.S. Dist. LEXIS 21377, 2023 WL 1823487 (E.D. Cal. Feb. 8, 2023).......... 9, 10

*Southeastern Pa. Transp. Auth. v. Brotherhood of R.R. Signalmen*,
882 F.2d 778 (3d Cir. 1989), *cert. denied* 493 U.S. 1044 (1990) .......... 12

*Stewart v. Spirit Airlines, Inc.*,
503 Fed. Appx. 814 (11th Cir. 2013) .......... 13

*Taylor v. American Airlines*,
943 F. Supp. 1164 (W.D. Mo. 1996) .......... 13

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) .......... 11

*Western Mining Council v. Watt*,
643 F.2d 618 (9th Cir. 1981).......... 6

**California Cases**

*Hanson v. Lucky Stores, Inc.*,
74 Cal.App.4th 215 (1999) .......... 10

*Jennings v. Maralle*,
8 Cal.4th 121 (1994) .......... 10

*TRW, Inc. v. Sup. Ct.*,
25 Cal.App.4th 1834 (1994) .......... 10

*Ward v. United Airlines, Inc.*,
9 Cal.5th 732, 264 Cal.Rptr.3d 1, 466 P.3d 309 (2020) .......... 9

**Other State Cases**

*Lara-Girjikian v. Mexicana Airlines*,
718 N.E.2d 584 (Ill. Ct. App. 1999) .......... 13

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200



**Federal Statutes**

45 U.S.C.
§ 151a ........................................ 12
§§ 153, 184 ........................................ 12

ERISA ........................................ 11

**California Statutes**

California Civil Code
§ 1708.5 ........................................ 1

California Fair Employment and Housing Act ........................................ 4

California Government Code ........................................ 1, 4, 5, 14

California Government Code
§ 12940(h) ........................................ 1
§12940(k) ........................................ 1

California Labor Code ........................................ 1, 4, 14

California Labor Code
§ 1102.5 ........................................ 1

Railway Labor Act ........................................ 1, 4, 12, 13

**Other Authorities**

Fed. R. Civ. P. 8 ........................................ 6

Fed.R.Civ.P. 12(b)(6), 12 (c) ........................................ 1, 5, 6, 11

Fed. R. Civ. P. 12 (d) ........................................ 1, 8

Fed. R. Civ. P. 56(c) ........................................ 8

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

v

MPA ISO DEF FRONTIER AIRLINES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Case No.: 3:24-cv-01702-WQH-MM

## I. INTRODUCTION

Defendant, Frontier Airlines, Inc. ("Frontier"), respectfully requests that this entire matter be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), and Rule 12(c).[1] First, Plaintiff's employment and the actions forming the basis of Plaintiff's harassment, tort, retaliation and all derivative claims under the California Government Code and California Labor Code occurred outside of and with no substantial connection to California. Plaintiff was never a California worker. As such, Plaintiff has no legal grounds to take advantage of such laws or apply California state laws extraterritorially. Nor can Plaintiff legitimately bring such claims against Frontier or any other defendant in California. Additionally, no court has subject matter jurisdiction to entertain the portion of Plaintiff's claims stemming from her interpretation of an applicable collective bargaining agreement under the Railway Labor Act. Accordingly, Plaintiff's Complaint and each cause of action against Frontier should be dismissed.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiff Jessica Garza ("Plaintiff") was a Florida resident and citizen who worked as a Frontier flight attendant based, during the time period relevant to her Complaint, out of Phoenix, Arizona. *See* Declaration of Marcia Attea ("Attea Decl."), ¶¶ 5-7. Notwithstanding, Plaintiff originally filed this action in the Superior Court for the County of San Diego, alleging: (1) Retaliation (Cal. Lab. Code § 1102.5); (2) Retaliation (Cal. Gov't Code § 12940(h)); (3) Sexual Harassment (Cal. Gov't Code § 12940(k)); (4) Failure to Prevent Sexual Harassment (Cal Gov't Code § 12940(k)); (5) Negligent Supervision; (6) Sexual Battery (Cal. Civil Code § 1708.5); (7) Assault; and (8) Intentional Infliction of Emotional Distress ("IIED"). *See generally* Dkt. 1-2, Pl. Compl.

/ / /

---

[1] Alternatively, and by virtue of the introduction of extrinsic evidence under Rule 12 (d), Fed.R.Civ.P. 56.

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101
619.232.0441

1

MPA ISO DEF FRONTIER AIRLINES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Case No.: 3:24-cv-01702-WQH-MM

Frontier timely removed this action to this Court, based on diversity jurisdiction. Dkt. 1.

## III. STATEMENT OF RELAVANT FACTS

The following facts are not or cannot reasonably be disputed, and are set forth in the statement of undisputed material facts and declarations submitted with this motion:

Frontier is a commercial air carrier (UMF 1) incorporated in Delaware and with its corporate headquarters – including its human resources and administrative departments (including Inflight management) – located in Denver, Colorado (UMF 2). Dkt. 1, at Part IV.A.3; *see also* Attea Decl., ¶ 2.[2] Frontier's flight crews are based in several cities, including Denver, Orlando, Phoenix, Las Vegas and others -- but not any cities in California (UMF 3). *See* Attea Decl., ¶ 3. Although Frontier services some destinations within California, Frontier has *no* crew bases for pilots or flight attendants in the State of California. *Id.*

Frontier hired Plaintiff as a flight attendant in 2018 (UMF 4). *See* Dkt. 1-2, Pl. Compl., ¶ 17. At the time, Plaintiff was a resident and citizen of the State of Florida (UMF 5). Attea Decl. ¶ 5. After completing her training in Orlando, Florida (UMF 6), Plaintiff eventually served as a flight attendant at Frontier's Phoenix base, among others – again, none of which were in California (UMF 7). Attea Decl. ¶¶ 3, 6. Over the course of her employment, Plaintiff was based in Denver (June 2018 through August 2018), Orlando (September 2018 through February 2019), Trenton (March through May 2019), Las Vegas (June 2019 through April 2022) Tampa (May 2022), Las Vegas (June 2022 through January 2023), Phoenix (February 2023 through April 2024) (UMF 8) and again Las Vegas (May 2024). Attea Decl. ¶ 6. Her base

[2] Defendant Alexander Kent Clark ("Clark"), a current Frontier flight attendant, is a resident and citizen of Arizona and was, at the times covered in the complaint, based out of Las Vegas, Nevada. Dkt. 1, at Part IV.A.2; *see also* Dkt. 1-2, Pl. Compl., ¶ 4; Attea Decl., ¶ 12.

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

2

MPA ISO DEF FRONTIER AIRLINES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Case No.: 3:24-cv-01702-WQH-MM

supervisors in Phoenix were Lawrence Adler and Kemarra Dunn (UMF 9). Attea Decl. ¶ 7; *see also* Dkt. 1-2, Pl. Compl., ¶ 23.

As a matter of policy, Frontier flight attendants are expected to keep Frontier aware of their current residential addresses, for tax withholding purposes and to maintain accurate contact information and personnel records. Attea Decl., ¶ 7. In 2019, Plaintiff did change her *residential* address from Florida to California – but she continued to work for Frontier as a *Phoenix*-based flight attendant (UMF 10). *Id.* Flight attendants may commute to their base from wherever they choose to live; in Plaintiff's case, she would have commuted to Phoenix, AZ (from California) on her own time to report for work at Frontier's Phoenix base. (UMF 11). *Id.*, ¶ 7.

Substantively, Plaintiff alleges that, over the course of a 4-day trip beginning on October 29, 2023, a fellow flight attendant (Clark) engaged in alleged behaviors during the flights and later at overnight layovers that Plaintiff now claims to have been purportedly harassing and inappropriate. *See* Dkt. 1-2, Pl. Compl., ¶¶ 19-26. A "trip" consists of multiple "legs" or flight segments from one airport to another. *See id.* at 4, n. 2. In the alleged instance, the 4-day trip originated from Phoenix, AZ on October 29, 2023, and ended in Phoenix, AZ on November 1, 2023 (UMF 12). Attea Decl., ¶ 8. The legs on day 1 were from Phoenix to San Francisco, and San Francisco to Detroit, with an overnight layover in Detroit. Day 2 consisted of flights from Detroit to Denver, Denver to St. Louis, and St. Louis to Denver, with an overnight layover in Denver. Day 3 consisted of flights from Denver to San Antonio, San Antonio to Denver, and Denver to Seattle, with an overnight layover in Seattle. The final day involved a flight from Seattle to Phoenix, at which time the trip concluded. *Id.* Plaintiff alleges and admits she did not report Clark's alleged conduct to Frontier until mid-December 2023. Dkt. 1-2, Pl. Compl., ¶ 30. Frontier immediately responded the next day through Plaintiff's supervisors in Phoenix. *Id.*, ¶ 31.

/ / /

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

3
MPA ISO DEF FRONTIER AIRLINES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT
Case No.: 3:24-cv-01702-WQH-MM

Plaintiff claims that, later, on or around February 25, 2024, another fellow flight attendant, Clarence Hutchinson ("Hutchinson"), photographed her on a flight. *Id.*, ¶ 33. Those flights were from Fort Myers to Syracuse and Syracuse to Orlando (*see* UMF 13). Attea Decl. ¶ 9. Plaintiff alleges this photograph (*see* UMF 14) led to an investigation beginning in April 2024 and ultimately Plaintiff's discharge for sleeping or appearing to sleep during flight duty. Dkt. 1-2, Pl. Compl., ¶¶ 41-42. Frontier's investigation was conducted in Phoenix and Denver -- not in California (UMF 17). *See* Attea Decl., ¶ 11. The decision-makers involved in Plaintiff's discharge were her base supervisor(s) in Phoenix, a regional inflight manager based in Las Vegas, and a human resources business partner based at Frontier's Denver headquarters; no one was in or acted from California (UMF 18). *Id.*

Plaintiff further faults the manner in which Frontier conducted its disciplinary investigation (Dkt. 1-2, Pl. Compl., ¶¶ 38-40), a matter that is controlled by the terms of Frontier's collective bargaining agreement with the Association of Flight Attendants-Communication Workers of America, AFL-CIO ("AFA") (*see* UMF 15-16). *See* Attea Decl., ¶ 10; Ex. A to Attea Decl.[3]

Finally, Plaintiff further alleges her Inflight Supervisors in Phoenix disciplined her over various instances during her employment *in Phoenix*. Dkt. 1-2, Pl. Compl., ¶¶ 34-36. She claims these alleged adverse actions, up to and including her termination of employment, amount to unlawful retaliation under the California Labor Code. *Id.*, ¶¶ 43-64. She also alleges Frontier (and Clark) are liable under the California Fair Employment and Housing Act for alleged sexual harassment, retaliation and failure to prevent same, all in violation of the California Government

---

[3] As discussed below, all portions of Garza's complaint relating to alleged deficiencies in Frontier's investigation and affording due process in its investigation involve an interpretation of rights and obligations under the Frontier-AFA collective bargaining agreement. As such, those claims amount to a "minor dispute" under the Railway Labor Act ("RLA") and fall outside courts' jurisdiction. They fall within the exclusive jurisdiction of a system board of adjustment formed under the RLA.

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

4
MPA ISO DEF FRONTIER AIRLINES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT
Case No.: 3:24-cv-01702-WQH-MM

Code. *Id.* ¶¶ 65-80. She adds California state law tort claims against Frontier for negligent supervision (*id.*, ¶¶ 81-87)[4] and IIED. *Id.*, ¶¶ 99-102.

By way of her Complaint, Plaintiff erroneously assumes California law applies and is binding on Frontier. *See generally, id.* It does not. Plaintiff has not affirmatively alleged, and cannot allege in good faith, that Plaintiff was at any relevant time based for work for Frontier in the State of California, that Frontier's decision-makers acted in California, or even that any of the alleged conduct upon which Plaintiff's claims are based occurred within the State (*compare* Dkt. 1-2, Pl. Compl.,¶ 23 (alleging misconduct on layover) *with* Attea Decl., ¶ 8 (confirming <u>no layovers in California</u> during the flights in question). (UMF 3, 5-13, 17-19.) California law therefore does not and should not be applied extraterritorially in this instance, as courts have previously concluded in similar cases discussed herein, and Plaintiff's claims against Frontier should be dismissed forthwith.

## IV. ARGUMENT

Plaintiff's decision to relocate her primary residence, and commute long-distance, to her Phoenix-based job from California does not mean that Frontier or Plaintiff are subject to the California state laws upon which she bases her claims in this case. She worked in Arizona, was based in Arizona, and Frontier's actions (the separation and its treatment of her internal complaints) all occurred either in or from Arizona and/or Colorado. As such, this dispute is not governed by California law, nor is California the appropriate venue in which to litigate her claims.

### A. Applicable Standards for Dismissal or, Alternatively, Summary Judgment.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) – or for judgment on the pleadings under Rule 12(c) – tests the legal sufficiency of the claims stated in the Complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The

[4] Garza's claims of sexual battery and assault against defendant Clark (Dkt. 1-2, Pl. Compl., ¶¶ 88-98) are not asserted as to Frontier, but regardless, are also brought under and/or predicated upon California state law statutes.

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

5

MPA ISO DEF FRONTIER AIRLINES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Case No.: 3:24-cv-01702-WQH-MM

motion is properly granted where a plaintiff asserts a legal theory that is not cognizable as a matter of law or unsupported by the alleged facts. Fed. R. Civ. Proc. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Balistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1988). "[I]f it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," dismissal is appropriate. *Globespan, Inc. v. O'Neill*, 151 F.Supp.2d 1229, 1232 (C.D. Cal. 2001) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleader must do more than merely plead labels, conclusions, and the formulaic elements of a cause of action. *Id*. (citing *Twombly*, 550 U.S. at 557). Threadbare recitals of the elements of a claim, supported by mere conclusory statements, do not suffice. *Id*. at 663 (citing *Twombly*, 550 U.S. at 555). Further, a court should not accept as true bald assertions, conclusions, inferences, or legal conclusions "couched" or "masquerading" as facts. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008); *Iqbal*, 556 U.S. at 679 (a court "considering a motion to dismiss can choose to identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (a court should "not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."). Here, this would include Plaintiff's conclusory allegations that she is a resident of California, and that Frontier is authorized to do business in the state rendering it subject to California law. *See* Dkt. 1-2, Pl. Compl., ¶¶ 1-3. <u>Plaintiff conspicuously omits any reference to where she actually worked during the relevant time period, where she was based as a flight attendant for Frontier, or even where her managers and/or Frontier's Inflight management were based</u>. <u>She further fails to provide any information regarding *where* the alleged wrongful conducted alleged in</u>

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

the Complaint actually occurred.[5] Plaintiff's failures are telling insofar as there can be no dispute that *none* of the alleged wrongful conduct has any connection whatsoever to the State of California, therefore defeating the application of California state laws.

*Iqbal* outlines a two-step approach for a motion to dismiss. First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Then, the court must consider whether the factual allegations—if any—to "determine whether they plausibly give rise to an entitlement for relief." *Id*. In short, a plaintiff must plead some factual content to support the legal conclusions the plaintiff ultimately seeks to establish. Where the well-pleaded facts "do not permit the court to infer more than the *mere possibility of misconduct*, the complaint has alleged—*but it has not 'show[n]'*—'that the pleader is entitled to relief,'" and the complaint must be dismissed. *See id*. (Emphasis added.)

Following the Supreme Court's lead, the Ninth Circuit explains that "bare assertions . . . amounting to nothing more than a formulaic recitation of the elements . . . , for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth." *Moss v. U.S. Secret Service*, 572 F. 3d 962, 969 (9th Cir. 2009). As the Ninth Circuit explained, "[s]uch allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id*. Here, Plaintiff's Complaint does not set forth sufficient facts from which a court could conclude California law applies.

To provide a more transparent and thorough view of Plaintiff's working relationship with Frontier, however, Frontier provides extrinsic and irrefutable evidence showing conclusively where Plaintiff was based and from where the

[5] She complains of conduct attributed to defendant Clark occurring *during* flight (Dkt. 1-2, Pl. Compl., ¶¶ 20-21) and at layover hotels outside of California (Dkt. 1-2, Pl. Compl.,¶ 23). But, there were no layovers in California during the flights in question. *See* Attea Decl., ¶ 8.

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

7

MPA ISO DEF FRONTIER AIRLINES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Case No.: 3:24-cv-01702-WQH-MM

challenged employment decisions occurred. To the extent this Court considers evidence outside of the pleadings, then Defendant Frontier's motion "must be treated as one for summary judgment under Rule 56." Fed. R Civ. P. 12(d). Summary judgment shall be granted where there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may meet this burden by presenting evidence that negates an essential element of the other side's case, or by demonstrating the other side failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. *See also English v. General Dynamics Mission Systems*, 2019 U.S. Dist. LEXIS 79025 *7-8 (C.D. Cal. May 8, 2019), *aff'd* 808 Fed. Appx. 529 (9th Cir. 2020) (following *Celotex*).

### B. California Law Does Not Apply Extraterritorially.

Plaintiff cannot sustain any of her claims by virtue of the fact that she happened to be commuting from California to Phoenix for work, or because Plaintiff may have been physically at her residence in California when Frontier communicated to her – from Arizona and/or Colorado – the company's decision to separate her from her position outside of California. In *English v. General Dynamics Mission Systems*, 2019 U.S. Dist. LEXIS 79025 (C.D. Cal. May 8, 2019), *aff'd* 808 Fed. Appx. 529 (9th Cir. 2020), the court dismissed all nine counts of a plaintiff's claims under the FEHA and other California laws, recognizing that California law did not apply to any of the claims that the plaintiff was trying to make. The court in *English* embraced the longstanding presumption against extraterritoriality. *Id.* at *10-11 (*citing Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207, 127 Cal. Rptr. 3d 185, 254 P.3d 237 (2011); *Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal. 4th 1036, 1060, 80

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

8

MPA ISO DEF FRONTIER AIRLINES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Case No.: 3:24-cv-01702-WQH-MM

Cal. Rptr. 2d 828, 968 P.2d 539 (1999)).[6] It reasoned that, if the challenged conduct occurred outside California (as with the underlying alleged conduct and Frontier's decisions in Arizona and Colorado), the fact that plaintiff was physically in California when the decision was communicated will not justify invoking California law. *Id*. at *15-17 (*citing Guillory v. Princess Cruise Lines, Ltd*., 2007 Cal. App. Unpub. LEXIS 353, 2007 WL 102851 (Cal. App. 2 Dist. Jan. 17, 2007)); *see also Sadiqyar v. Mission Essential, LLC*, 2020 WL 5210850 (S.D. Ohio Sept. 1, 2020) (dismissing FEHA disability accommodation claims, holding "[e]xtraterritorial application of FEHA is determined by both the site of employment and the location of the material elements of the cause of action, even if the plaintiff is a California resident."); *Elzetawy v. Penrix Group, Inc*., 477 F.Supp.3d 734, 775-79 (N.D. Ill. 2020) (dismissing CFRA and FEHA claims that do not implicate conduct in or involve work that is substantially connected to California, even though plaintiff became a California resident and alleged that employer's conduct outside of California injured plaintiff while he was in California) (*citing Ward v. United Airlines, Inc*., 9 Cal.5th 732, 264 Cal.Rptr.3d 1, 466 P.3d 309, 317 (2020) ("*Ward*").

California laws only apply to flight workers whose home base airport is in California. *See Ward,* 9 Cal.5th at 760. The district court in *Sexton v. Spirit Airlines, Inc*., 2023 U.S. Dist. LEXIS 21377, 2023 WL 1823487 (E.D. Cal. Feb. 8, 2023) ("*Sexton*") applied these principles in dismissing claims under California law by a Florida-based inflight manager who resided in California and stayed in California during a leave of absence. The court held that the plaintiff failed to plead a sufficient factual basis to establish that his work held a substantial connection to California. *Id*. at *4. California was not the plaintiff's principal place of work (*i.e*., the home-base airport) – nor was it for Plaintiff, here. *See id*. (citing *Ward*). Moreover, the

---

[6] The Supreme Court also recognizes a presumption against the extraterritorial application of state statutes. *See Edgar v. MITE Corp*., 457 U.S. 624, 642-43 (1982).

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

defendant employer's termination decision (like Frontier's) was not made in California. As such, California law did not apply. *Id.*

Following the *Sexton* case, the court in *Beckman v. American Airlines, Inc.*, 2024 U.S. Dist. LEXIS 129607, 2024 WL 3469049 (C.D. Cal. June 28, 2024) granted summary judgment and dismissed two flight attendants' California statutory and tort claims stemming from alleged harassment by another crewmember – even though the plaintiffs resided in California.

Here, the alleged conduct by Frontier similarly took place outside of California. As such, the California statutes on which Plaintiff bases her claims are inapplicable regardless of Plaintiff's chosen state of residence. *Anderson v. CRST Int'l, Inc.*, 2015 U.S. Dist. LEXIS 45161 *13-17 (C.D. Cal. April 1, 2015) (dismissing FEHA and "failure to prevent" claims under California law) (*citing N. Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1, 4, 162 P. 92 (1916)), aff'd in part, 685 Fed. Appx. 524, 2017 U.S. App. LEXIS 5224 (9th Cir. 2017) (affirming dismissal of FEHA claims); *see also Ross v. Sodexo Remote Sites USA, Inc.*, 2016 U.S. Dist. LEXIS 192892 *14 (C.D. Cal. Dec. 6, 2016) (FEHA claims over conduct outside of California are not cognizable, nor are California wage claims based on work performed primarily outside of California); *Russo v. APL Marine Services, Ltd.*, 135 F.Supp.3d 1089, 1094-95 (C.D. Cal. 2015) (California FEHA and other employment laws do not apply extraterritorially when situs of plaintiff's employment and operative facts giving rise to claims occur out of state; the place of plaintiff upon termination does not overcome extraterritoriality challenge). Given that Plaintiff's other tort claims against Frontier are derivative of or intertwined with her California statutory claims, those too cannot be supported. *See Jennings v. Maralle,* 8 Cal.4th 121, 135-136 (1994); *Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215, 229 (1999) (where plaintiff's "FEHA claim fails, his claim for wrongful termination in violation of public policy fails"); *TRW, Inc. v. Sup. Ct.*, 25 Cal.App.4th 1834, 1854 (1994) (no

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

10

MPA ISO DEF FRONTIER AIRLINES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Case No.: 3:24-cv-01702-WQH-MM

wrongful termination if employer did not violate constitutional or statutory provision asserted as basis for cause of action).

Plaintiff could have decided to reside and commute from almost anywhere, but that does not subject Frontier to the laws of that jurisdiction. Any employment claims she may have are governed by the law in the location where she was based for work or where Frontier made its challenged decisions. In this instance, that is unquestionably outside of California. All of her claims against Frontier should be dismissed on this basis.

### C. Any "Denial of Due Process" Claims Stemming from Frontier's Investigation Flow from Interpretations of Frontier's Collective Bargaining Agreement for Flight Attendants and Therefore Constitute a "Minor Dispute" Falling Outside Courts' Jurisdiction Under the Railway Labor Act.

Plaintiff's complaint also asks the Court to delve into whether she was deprived of Due Process in connection with Frontier's investigation of her offense of sleeping while on duty. Dkt. 1-2, Pl. Compl., ¶¶ 38-40. She references an alleged breach of Frontier's "disclosure policy." *Id.* ¶ 38. The "policy" referenced in her Complaint is a provision in the Frontier-AFA collective bargaining agreement ("CBA").[7] Section 18.B.1.b. of the CBA (entitled "Investigations – Discipline and Discharge") states, in relevant part:

> The Flight Attendant will be notified of the time and place of the meeting and the nature of the matter to be discussed. When a Flight Attendant is required to attend an investigatory meeting, the Flight Attendant will be permitted to have Union representation if a

---

[7] The Court may consider the attached collective bargaining agreement provisions because Plaintiff refers to them in her Complaint – and makes adherence to the "policy" part of her claims. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.")); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2007) (courts "may consider evidence on which the complaint 'necessarily relies'"); *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 195 n. 5 (4th Cir. 2002) (court may consider ERISA plan agreement because plaintiff referred to its existence). The relevant portions of the Frontier-AFA collective bargaining agreement are nonetheless also authenticated in the Attea Declaration.

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

11

MPA ISO DEF FRONTIER AIRLINES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Case No.: 3:24-cv-01702-WQH-MM

representative is reasonably available on the date and time of the scheduled investigatory meeting.

Although this "policy" does not provide for the sort of due process Plaintiff asserts, this portion of her Complaint necessarily relies on her interpretation of the CBA or past practice between Frontier and AFA. As such, this portion of her claim is a "minor dispute" under the applicable Railway Labor Act ("RLA").[8] 45 U.S.C. §§ 153, 184; *see also Ass'n of Flight Attendants v. Mesa Air Grp., Inc.*, 567 F.3d 1043, 1046-47 (9th Cir. 2009) (Minor disputes "'relate[] to the meaning or proper application of a particular provision [of the CBA] with reference to a specific situation[,]'" *i.e.*, where "'the claim is founded upon some incident of the employment relation'") (citation omitted). Interpretation of the labor agreement and any related past practice between the parties is central to determining Plaintiff's claims. Allegations surrounding whether Frontier breached its obligations in connection with its investigation of Plaintiff's misconduct *cannot* be analyzed meaningfully without examining and interpreting the CBA.

The Supreme Court and other federal courts fastidiously hold that if a collective bargaining agreement even *arguably* gives the employer the right to act in the manner being challenged, then the employer may do so without court intervention. *See Conrail*, 491 U.S. at 303-04; *Pittsburgh & Lake Erie R.R. v. Railway Labor Executives Association*, 491 U.S. 490 (1989).[9] Any challenge to the

[8] The RLA provides a mandatory and exclusive arbitral mechanism for "minor disputes" between air carriers and their employees. *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 248, 252-53 (1994). "Minor" disputes are those "growing out of grievances or out of the interpretation or application of [collective bargaining] agreements covering rates of pay, rules, or working conditions." 45 U.S.C. § 151a; *Hawaiian Airlines*, 512 U.S. at 252-53. Minor disputes are resolved exclusively through the arbitral mechanisms provided by the RLA and trial courts have no jurisdiction to hear them. *Hawaiian Airlines*, 512 U.S. at 253; *Blakely v. US Airways, Inc.*, 23 F. Supp. 2d 560, 564 (3d Cir. 1998). *See also Consolidated Rail Corp. v. Railway Labor Executives Association*, 491 U.S. 299, 303-04 (1989) ("*Conrail*"); *Railway Labor Executives Ass'n v. Chesapeake Western Ry.*, 915 F.2d 112, 119 (4th Cir. 1990) (minor disputes are "subject to compulsory arbitration"); *Air Line Pilots Ass'n, Int'l v. Eastern Air Lines, Inc.*, 869 F.2d 1518, 1520 (D.C. Cir. 1989).

[9] *See also Southeastern Pa. Transp. Auth. v. Brotherhood of R.R. Signalmen*, 882 F.2d 778, 783 (3d Cir. 1989), *cert. denied* 493 U.S. 1044 (1990) ("[t]he burden imposed on the party asserting that a minor dispute is presented is a 'light' one."). "There is a presumption that disputes are minor and

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

12

MPA ISO DEF FRONTIER AIRLINES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Case No.: 3:24-cv-01702-WQH-MM

employer's right to act constitutes a "minor dispute," subject to the exclusive jurisdiction of the System Board. *Id. See also Stewart v. Spirit Airlines, Inc.,* 503 Fed. Appx. 814, 819-20 (11th Cir. 2013); *Pyles v. United Air Lines, Inc.,* 79 F.3d 1046, 1049-50 (11th Cir. 1996); *Caravello v. American Airlines, Inc*., 315 F. Supp.2d 1346 (S.D. Fla. 2004) (quoting *Conrail* and *Pyles* and holding that "wrongful discharge" claim was a "minor dispute" belonging before the exclusive jurisdiction of a system board); *Miller v. Southwest Airlines, Co.,* 926 F.3d 898 (7th Cir. 2019) (upholding preemption of claim under Illinois biometric privacy act as "minor dispute"); *Emswiler v. CSX Transp*., 691 F.3d 782 (6th Cir. 2012) (discrimination claim tied to interpretation of bargaining agreement is preempted); *Dotson v. Norfolk S. Ry*., 52 Fed. Appx. 655 (6th Cir. 2002) (upholding dismissal of discrimination claim on RLA preemption grounds); *Carlson v. CSX Transp*., 2013 U.S. Dist. LEXIS 55989 (S.D. Ind. March 5, 2013) (sex discrimination and retaliation claims preempted because interpretation of labor agreement was required to evaluate the challenged treatment); *Taylor v. American Airlines,* 943 F. Supp. 1164, 1167-68 (W.D. Mo. 1996) (*citing Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320 (1972) ("[t]he fact that [plaintiff characterizes his claim as one for 'wrongful discharge' does not save it from the [RLA's] mandatory provisions for the processing of grievances")); *Lara-Girjikian v. Mexicana Airlines*, 718 N.E.2d 584, 588 (Ill. Ct. App. 1999) (discrimination claim is preempted when collective bargaining agreement interpretation is central to the employee's claim, and further noted that the employee also filed grievances contesting the conduct also giving rise to the discrimination claim).

/ / /

---

thus arbitrable." *Bloemer v. Northwest Airlines, Inc.*, 401 F.3d 935, 939 (8th Cir. 2005). "[W]hen in doubt, the courts construe disputes as minor." *International Ass'n of Machinists & Aerospace Workers v. Soo Line R.R.*, 850 F.2d 368, 377 (8th Cir. 1988) (quoting *Brotherhood of Locomotive Eng'rs v. Atchison, Topeka, Santa Fe Ry*., 768 F.2d 914, 920 (7th Cir. 1985), *cert. denied*, 489 U.S. 1010 (1989)); *International Brotherhood of Teamsters/HERE Employee Representatives' Council v. Gate Gourmet, Inc.*, 377 F.Supp.2d 54, 60 (D.D.C. 2005).

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

13

MPA ISO DEF FRONTIER AIRLINES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Case No.: 3:24-cv-01702-WQH-MM

Thus, event to the extent Plaintiff has any right to bring her litany of claims against Frontier under California law, which is disputed, any portion of her claims relating to Frontier's conduct of its disciplinary investigation is a minor dispute falling outside of the Court's subject matter jurisdiction – and should be dismissed for that reason.

**V. CONCLUSION**

Based on the foregoing, there is no basis in fact or law to apply California law or the protections of the California Labor Code and/or California Government Code to an employment relationship between Plaintiff and Frontier *in Arizona* or to alleged adverse employment decisions reached in Arizona and/or Colorado. As such, this matter should be dismissed, with prejudice, in its entirety. Furthermore, or in the alternative, any portions of this matter relating to Frontier's investigation into Plaintiff's workplace misconduct, including her Due Process claims under the applicable CBA, must be dismissed for lack of subject matter jurisdiction.

Dated: September 30, 2024

*/s/ Kara A. Cole*
Kara Adelle Ritter Cole
LITTLER MENDELSON, P.C.
Attorney for Defendant
FRONTIER AIRLINES, INC.

4864-3389-4113.4 / 057446-1097

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

14

MPA ISO DEF FRONTIER AIRLINES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Case No.: 3:24-cv-01702-WQH-MM